ORIGINAL

# In the United States Court of Federal Claims

No. 13-975 C
Filed: April 23, 2014
**NOT TO BE PUBLISHED**

FILED
APR 2 3 2014
U.S. COURT OF
FEDERAL CLAIMS

```
*******************************************
                                          *
                                          *
ANTONIO COLBERT,                          *
                                          *
        Plaintiff, pro se,                *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
        Defendant.                        *
                                          *
                                          *
*******************************************
```

**Antonio Colbert**, Washington, D.C., Plaintiff, *pro se*.

**Joshua Ethan Kurland**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

### I.   RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]

On December 11, 2013, Plaintiff filed a Complaint in the United States Court of Federal Claims, alleging that the Social Security Administration ("SSA") did not comply with an order issued by the District of Columbia Superior Court "to stop deducting money from [Plaintiff's] monthly benefits . . . and to pay back fees deducted."[2] Compl. 2. The Complaint also alleges that the SSA "criminally violated [Plaintiff's] 5th, 8th and 9th Amendment Constitutional [r]ights" and was "involv[ed] with [Plaintiff's] [i]dentity being stolen." Compl. 1.

---

[1] The relevant facts discussed herein were derived from the December 11, 2013 Complaint.

[2] The case referenced by Plaintiff is *Colbert v. Social Security Administration*, No. 2011 CA 582 (D.C. Sup. Ct. Sep. 9, 2011) (dismissed for want of prosecution), *appeal dismissed as untimely filed*, No. 11-1725 (D.C. Ct. App. Feb. 27, 2013) (*per curiam*).

USPS TRACKING # 9114 9010 7574 2690 0646 32
& CUSTOMER
RECEIPT   For Tracking or inquiries go to USPS.com
          or call 1-800-222-1811.

The Complaint seeks $7,500 for withdrawals made by the SSA between July 2012 and February 2013, together with $10,000 for "back fees." Compl. 2. The Complaint also seeks an injunction to prevent the SSA from deducting money from Plaintiff's monthly benefits in the future. Compl. 2. Finally, the Complaint requests $20,000 in punitive damages.[3] Compl. 1.

On January 22, 2014, Plaintiff filed a Motion To Strike. On February 10, 2014, the Government filed a Motion To Dismiss And Response To Plaintiff's Motion To Strike. On February 21, 2014, Plaintiff filed a Motion For Summary Judgment. On March 24, 2014, the Government filed a Response. On April 2, 2014, Plaintiff filed a Motion For Default.

## II.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must

---

[3] Plaintiff appears to base the $20,000 amount on 18 U.S.C. § 225(a), which states:

(a) Whoever—

(1) organizes, manages, or supervises a continuing financial crimes enterprise; and

(2) receives $5,000,000 or more in gross receipts from such enterprise during any 24-month period, shall be fined not more than $10,000,000 if an individual, or $20,000,000 if an organization, and imprisoned for a term of not less than 10 years and which may be life.

18 U.S.C. § 225(a).

demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For *Pro Se* Litigants.

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

### D. The Court's Resolution Of The Government's February 10, 2014 Motion To Dismiss.

Plaintiff has failed to meet the burden to establish subject matter jurisdiction for the reasons set forth below.

#### 1. 28 U.S.C. § 1500 Divests The United States Court Of Federal Claims Of Jurisdiction To Adjudicate The Claims Alleged In The December 11, 2013 Complaint.

Plaintiff had a pending appeal before the District of Columbia Court of Appeals when he filed the December 11, 2013 Complaint in the United States Court of Federal Claims. *See Colbert*, No. 11-1725; *see also* Compl. 2 (referencing the appellate litigation). That appeal appears to be based on the same operative facts, with the same agency defendant as the December 11, 2013 Complaint. "The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the [Government.]" 28 U.S.C. § 1500; *see also United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1731 (2011) ("Two suits are for or in respect to the same claim, precluding jurisdiction in the [United States Court of Federal Claims], if they are

3

based on substantially the same operative facts[.]"). Therefore, Section 1500 divests the court of jurisdiction to adjudicate the claims in the December 11, 2013 Complaint.

### 2. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Social Security Benefits Claims.

The United States Court of Federal Claims does also not have jurisdiction to adjudicate claims for social security benefits; such claims may be filed only in the district courts. *See* 42 U.S.C. § 405(g), (h) (limiting judicial review of final decisions of the Commissioner of Social Security to United States district courts); *see also Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[T]he [United States Court of Federal Claims] has no jurisdiction under the Tucker Act . . . over claims to social security benefits[.]").

Plaintiff has filed similar claims in other courts. *See, e.g., Colbert*, No. 2011 CA 582. To the extent that Plaintiff challenges any ruling from a district court, this court does not have jurisdiction to adjudicate those claims. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he [United States] Court of Federal Claims "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."); *see also Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983) ("Review of [District of Columbia Court of Appeals] determinations can be obtained only in [the United States Supreme Court].").

### 3. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Fifth Amendment Due Process Claims Or Claims Alleging A Violation Of The Eighth Or Ninth Amendments To The United States Constitution.

In addition, the December 11, 2013 Complaint alleges that the SSA violated Plaintiff's rights, as protected by the Fifth, Eighth and Ninth Amendments to the United States Constitution.

It is true that the United States Court of Federal Claims has jurisdiction to adjudicate monetary claims founded upon the United States Constitution, but that claim must arise under a constitutional provision requiring the payment of money damages. *See Mitchell*, 463 U.S. at 216 (holding that jurisdiction over claims founded upon the Constitution also must satisfy the Tucker Act's jurisdictional demands); *see also Noel v. United States*, 16 Cl. Ct. 166, 169 (1989) (holding that claims must arise under a constitutional, regulatory, or statutory provision mandating payment of money to be within the jurisdiction of the United States Court of Federal Claims).

The Fifth Amendment's Due Process Clause is not a money-mandating provision of the United States Constitution. *See Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) (holding that a due process violation "does not obligate the [G]overnment to pay money damages"). The Eighth and Ninth Amendments also are not money-mandating. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (*per curiam*) ("The [United States] Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment[.]"); *Russell v. United States*, 78 Fed. Cl. 281, 288 (2007) ("Based on a plain language reading of the Ninth Amendment, the court does not perceive how the Ninth Amendment could be construed as a money-mandating source.").

### 4. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Tort Claims Or Grant Punitive Damages.

Finally, the December 11, 2013 Complaint alleges that the SSA tortiously conspired to steal Plaintiff's identity. This court also does not have jurisdiction to adjudicate tort claims. *See* 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases not sounding in tort.").

Furthermore, the Amended Complaint seeks $20,000 in punitive damages. Compl. 1. The United States Court of Federal Claims has no authority to grant punitive damages. *See Garner v. United States*, 230 Ct. Cl. 941, 943–44 (1982) ("[P]unitive damages are not within the jurisdiction of this court.").[4]

## III. CONCLUSION.

Because the court does not have jurisdiction to adjudicate the claims alleged in the December 11, 2013 Complaint, the Government's February 10, 2014 Motion To Dismiss is granted. *See* RCFC 12(b)(1). As such, Plaintiff's January 22, 2014 Motion To Strike, February 21, 2014 Motion For Summary Judgment, and April 2, 2014 Motion For Default are denied as moot.

Accordingly, the Clerk of Court is directed to dismiss the December 11, 2013 Amended Complaint.

In addition to the December 11, 2013 Complaint, Plaintiff has filed numerous complaints in this court and others.[5] Based on a review of Plaintiff's claims and correspondence, the court finds that Plaintiff's contacts with this court reflect "indicia of frivolousness and harassment," specifically in both the "number and content of filings" and their lack of merit. *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988); *see also Hemphill v. Kimberly-Clark Corp.*, 374 F. App'x 41 (Fed. Cir. 2010) (following the guidelines discussed in *In re Powell* concerning anti-filing injunctions for *pro se* litigants).

---

[4] As a general matter, the United States has not waived its sovereign immunity with regard to punitive damages. *See* 28 U.S.C. § 2674 ("The United States . . . shall not be liable for . . . punitive damages."); *Vincin v. United States*, 199 Ct. Cl. 762, 765 (1972) (*per curiam*) ("[P]unitive damages . . . are not available in tort suits against the United States.").

[5] *See e.g., Colbert v. United States*, No. 13-918 (Fed. Cl.) (dismissed Nov. 27, 2013), *appeal dismissed* No. 14-5029 (Fed. Cir. Jan. 9, 2014); *Colbert v. United States*, No. 14-10 (Fed. Cl.) (dismissed Apr. 3, 2014); *see also* Gov't Mot. Dismiss 2 n.2 (describing how Plaintiff filed a complaint against the SSA on January 24, 2011, which was dismissed for want of prosecution); *Colbert*, No. 2011 CA 582; *Colbert v. Cincinnati Police Dep't*, 867 F. Supp. 2d 34 (D.D.C. 2011) (noting that Plaintiff submitted 21 complaints in one month and describing his history of frivolous filings before that, including 49 cases before the District Court for the District of Columbia between July 2010 and November 2011).

Therefore, Plaintiff has thirty (30) days, pursuant to Rule 11(c)(3) of the Rules of the United States Court of Federal Claims, to show cause why the court should not issue an anti-filing injunction. *See In re Powell*, 851 F.2d at 433 (suggesting that a "district court should consider issuing an order to show cause" before issuing an anti-filing injunction). If Plaintiff does not do so, the Clerk will be further directed to accept no other actions or filings by Antonio Colbert, without an Order of the Chief Judge of the United States Court of Federal Claims. *See* RCFC 11(b) (barring the filing of unwarranted claims).

In the interim, the Clerk's Office shall reject any additional complaints from Plaintiff unless accompanied by the court's required filing fee.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**